# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID NEWHOUSE and PATRICIA NEWHOUSE,<br><br>Plaintiffs,<br><br>v.<br><br>GEICO Casualty Company,<br><br>Defendant. | No. 4:17-CV-00477<br><br>(Judge Brann) |

## MEMORANDUM OPINION

### OCTOBER 12, 2018

GEICO Casualty Company moved for summary judgment on Count II of David and Patricia Newhouse's Amended Complaint. For the reasons that follow, GEICO's motion will be granted.

## I.  BACKGROUND

On March 16, 2015, Mr. Newhouse was injured after being rear-ended by an intoxicated driver.[1] After recovering $15,000—the policy limit—from the other driver's insurer, Mr. Newhouse submitted a claim for underinsured motorist ("UIM") coverage to his own insurer, GEICO.[2] Although Mr. Newhouse was seeking to recover $200,000—his own policy limit—GEICO offered only $10,000.[3] Further negotiations and investigation did not change GEICO's position;

---

[1] Police Report of Accident (ECF No. 33-1).

[2] May 23, 2016 Demand Letter (ECF No. 33-8).

[3] Deposition of Danielle Pelletier (ECF No. 28-3) at 18.

consequently, Mr. Newhouse and his wife sued GEICO in the Clinton County Court of Common Pleas. GEICO removed the suit to this Court.[4]

The operative complaint contains claims for breach of contract, bad faith, and loss of consortium.[5] GEICO moves now for summary judgment in its favor on the bad faith claim.[6]

## II. DISCUSSION

### A. Standard of Review

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A dispute is "genuine if a reasonable trier-of-fact could find in favor of the non-movant," and "material if it could affect the outcome of the case."[8] To defeat a motion for summary judgment, then, the nonmoving party must point to evidence in the record that would allow a jury to rule in that party's favor.[9] When deciding whether to grant summary judgment, a court should draw all reasonable inferences in favor of the non-moving party.[10]

---

[4] ECF No. 1.

[5] ECF No. 6.

[6] ECF No. 28.

[7] Federal Rule of Civil Procedure 56(a).

[8] *Lichtenstein v. Univ. of Pittsburgh Medical Ctr.*, 691 F.3d 294, 300 (3rd Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 252 (1986).

[9] Federal Rule of Civil Procedure 56(c)(1); *Liberty Lobby*, 477 U.S. at 249.

[10] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

### B. Whether the Newhouses Can Prevail on their Bad Faith Claim

To prevail on a Pennsylvania bad faith insurance claim under 42 Pa. C.S. § 8371, a plaintiff must produce evidence "so clear, direct, weighty[,] and convincing as to enable a clear conviction, without hesitation,"[11] that an insurer "did not have a reasonable basis for denying benefits" and "knew of or recklessly disregarded its lack of a reasonable basis."[12] The Newhouses' argument centers around their assertion that GEICO's $10,000 proposal was merely a "lowball offer" with "no reasonable relationship to . . . actual losses."[13] This Court respectfully disagrees.

The Newhouses point to their need to pay Mr. Newhouse's medical bills and to offset his lost wages. Regarding lost wages, it appears uncontested that Mr. Newhouse's ability to work as a long-distance truck driver has been impaired.[14] Accordingly, the Newhouses' vocational expert opines that Mr. Newhouse has

---

[11] *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004).

[12] *Rancosky v. Washington National Insurance Company*, 170 A.3d 364, 365 (Pa. 2017).

[13] Newhouses' Brief in Opposition (ECF No. 33) at 6.

The Newhouses' brief fleetingly argues that GEICO's actions have been unreasonably dilatory by noting that GEICO did not perform an independent medical examination of Mr. Newhouse until more than a year after receiving the demand for UIM benefits. *Id.* at 10. As discussed below, however, GEICO's $10,000 offer was undeniably reasonable in light of the Newhouses' initial claims for medical expenses. Therefore, it is unclear what effect a speedier exam would have had on resolution of the Newhouses' claims.

The Newhouses also argue that GEICO is "attempt[ing] to hide its true valuation of the claim by refusing to provide the valuation it placed on [their] claim"; that "this information was discoverable"; and that GEICO's "refusal to provide [it] represents a showing of bad faith. *Id.* at 9. The Newhouses, however, have not pointed to any legal authority supporting this argument, and in any event have filed no motions to compel.

[14] Deposition of David Newhouse (ECF No. 33-17) at 92.

already lost $129,183, and will incur between $51,526 and $110,955 in losses in the future.[15]

Regarding medical bills, the Newhouses' demand letter to GEICO noted that Mr. Newhouse might require surgery at some point "in the future."[16] That letter did not, however, estimate the cost of that surgery, nor have the Newhouses pointed to other evidence revealing that information. Exclusive of the proposed surgery, it appears that Mr. Newhouse's medical bills have totaled less than $15,000,[17] of which $5,000 has already been paid by GEICO as first-party benefits.[18]

Tempering all of this, however, is the fact that two doctors—including Mr. Newhouse's own medical expert—believe that a preexisting medical condition has contributed to Mr. Newhouse's current ailments.[19]

As noted above, GEICO's $10,000 offer sits on top of $15,000 from the other insurer and $5,000 in already-paid first-party benefits, for a total of $30,000. This total amount is clearly sufficient to pay already-incurred medical expenses

---

[15] Expert Report of John Risser (ECF No. 33-16) at 17.

[16] May 23, 2016 Demand Letter (ECF No. 33-8).

[17] Plaintiffs' Responses to Defendant's First Set of Interrogatories (ECF No. 33-11) ¶ 10.

[18] February 1, 2016 Demand Letter (ECF No. 33-7) at 2.

[19] October 23, 2017 Report of J. William Bookwalter III, M.D. (ECF No. 33-15) at 7 ("I believe that the most reasonable diagnosis that I could offer to within a reasonable degree of medical certainty is that Mr. Newhouse aggravated his preexisting cervical and lumbar degenerative disc disease."); December 1, 2017 Letter of J. William Bookwalter III, M.D. (ECF No. 33-15) at 1 ("I believe that Mr. Newhouse aggravated his preexisting cervical and lumbar degenerative disc disease as a consequence of the accident."); March 13, 2018 Report of Rodwan K. Rajjoub, M.D. (ECF No. 33-18) at 6 ("The accident had aggravated his degenerative cervical and lumbar disc disease . . . .").

and may also be enough to cover the proposed surgery. While it falls short of satisfying the vocational expert's six-figure loss calculation, GEICO was not prohibited from considering the doctors' opinions regarding alternate causation. On balance, while minds may differ as to the true sum of the Newhouses' loss, it cannot be said that GEICO's estimate was "frivolous or unfounded."[20]

## III. CONCLUSION

Therefore, because no jury could find—especially in light of the heightened burden of proof[21]—that GEICO's offer was unreasonable, summary judgment will be granted to GEICO on Count II of the Newhouses' Amended Complaint. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[20] *Pilosi*, 393 F.3d at 367.

[21] *Liberty Lobby, Inc.*, 477 U.S. at 254 ("[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden.").