# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID NEWHOUSE, and PATRICIA NEWHOUSE<br><br>Plaintiffs,<br><br>v.<br><br>GEICO CASUALTY COMPANY,<br><br>Defendant. | No. 4:17-CV-00477<br><br>(Judge Brann) |

## MEMORANDUM OPINION

### MARCH 7, 2019

On March 16, 2015, David Newhouse was injured in an automobile accident.[1] The parties do not dispute that the other driver, Joseph Haywood, was solely liable for the accident.[2]

Mr. Haywood carried a $15,000 liability policy, and Mr. Newhouse recovered the limits of that policy.[3] Because Mr. Newhouse believed his damages exceeded $15,000, he sought to collect on a $200,000 underinsured motorist policy he carried

---

[1] Amended Complaint (ECF No. 6) ¶ 9, 11, 21-22.

[2] GEICO's Pretrial Memorandum (ECF No. 47) ¶ I; The Newhouses' Pretrial Memorandum (ECF No. 48) ¶ C.

[3] Amended Complaint ¶ 24.

with GEICO Casualty Company.[4]  Mr. Newhouse and GEICO could not reach an agreement, however, and this lawsuit followed.[5]

The amended complaint filed by Mr. Newhouse and his wife Patricia contains a claim for breach of contract;[6] a claim for bad faith in violation of 42 Pa. C.S. § 8371;[7] and a claim for loss of consortium (brought by Mrs. Newhouse).[8]  This Court granted summary judgment in favor of GEICO on the bad faith claim on October 12, 2018.[9]

A jury trial on the remaining claims is scheduled to begin on April 8, 2019. On February 8, 2019, GEICO filed three motions in limine to preclude the introduction of certain evidence at that trial.[10]

## Motion in Limine to Preclude Certain Evidence About the Pertinent Insurance Policies

GEICO's first motion[11] seeks to exclude (1) evidence that the tortfeasor had only $15,000 worth of liability coverage; (2) evidence that the Newhouses received the full $15,000 of that coverage; (3) evidence that the limit of the Newhouses' underinsured motorist coverage with GEICO is $200,000; (4) evidence about the

---

[4]  *Id.* ¶¶ 25-32.
[5]  *Id.* ¶¶ 31-32.
[6]  *Id.* ¶¶ 19-35.
[7]  *Id.* ¶¶ 36-42.
[8]  *Id.* ¶¶ 43-46.
[9]  ECF Nos. 35-36.
[10] ECF Nos. 41, 42, 43.
[11] ECF No. 41.

settlement negotiations between the Newhouses and GEICO; and (5) evidence about the amount of premiums paid by the Newhouses to GEICO for their underinsured motorist coverage.

Rather than rule on this motion at the present time, this Court will ask the parties to show cause why it should not bifurcate the upcoming trial into two stages,[12] the first stage of which would be devoted exclusively to determining the amount of damages suffered by Mr. Newhouse as a result of the 2015 accident.[13]

## Motion in Limine to Preclude Evidence That the Tortfeasor Was Intoxicated

GEICO's second motion[14] seeks to preclude evidence that the tortfeasor was intoxicated at the time of the accident. The Newhouses do not oppose this motion, so it will be granted.

## Motion in Limine to Preclude the Testimony of Rodwan Rajjoub, M.D.

GEICO's third motion[15] seeks to preclude the testimony of Rodwan Rajjoub, M.D., because of the following exchange that occurred during Dr. Rajjoub's deposition:

---

[12] *See* Federal Rule of Civil Procedure 42(b) and Federal Rule of Evidence 611(a).

[13] In theory, the second stage would be devoted to determining whether or not GEICO breached its contractual duty to the Newhouses. In practice, the jury's finding on damages would likely render the second stage unnecessary.

[14] ECF No. 42.

[15] ECF No. 43.

> Q: When you say that your opinions are within a reasonable degree of medical certainty, are you saying that they're more probably true than not?
> A: My opinion is true to a reasonable degree of medical certainty, yes.
>
> Q: And when you use the term reasonable medical certainty, are you saying that your opinions are more probably true than not?
> A: Correct.
>
> . . .
>
> Q: And when you say more probably true than not, you're referring to the standard you would use in your medical practice in treating and diagnosing patients; is that correct?
> A: Yes.[16]

Specifically, GEICO notes that, under Pennsylvania law, medical expert's opinions must be made "to a reasonable degree of medical certainty,"[17] and that at least one Pennsylvania court has excluded the testimony of a medical expert based on that expert's concession that his opinion was simply that one cause of plaintiff's injuries was slightly more likely than another cause.[18] The Third Circuit, however, does not require medical experts to "recite the talismanic phrase . . . 'a reasonable degree of medical certainty,'"[19] but instead simply asks if their opinions are "form[ed] . . . with sufficient certainty so as to make a medical judgment."[20]

---

[16] Deposition of Dr. Rajjoub (ECF No. 43-1) at 39-40.

[17] *Griffin v. University of Pittsburgh Medical Center-Braddock Hosp.*, 950 A.2d 996, 1000 (Pa. Super, Ct. 2008).

[18] *Id.* at 1003-04.

[19] *Holbrook v. Lykes Bros. S.S. Co., Inc.*, 80 F.3d 777, 785 (3d Cir. 1996).

[20] *Schulz v. Celotex Corp.*, 942 F.2d 204, 209 (3d Cir. 1991).

GEICO's argument rests solely on the fact that Dr. Rajjoub agreed[21] that his "opinions are more probably true than not." Dr. Rajjoub, however, also agreed that his opinions were based on "the standard [that he] would use in [his] medical practice in treating and diagnosing patients." Reading Dr. Rajjoub's deposition in its entirety, this Court finds that Dr. Rajjoub's opinions have met the standard outlined by the Third Circuit and will deny GEICO's motion at this time. GEICO may, however, challenge the reliability of Dr. Rajjoub's opinions after he testifies at trial.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[21] Dr. Rajjob never *sua sponte* volunteered the information that his opinions were certain by no more than a preponderance of the evidence, in stark contrast to the medical expert in *Griffin*. *See Griffin*, 950 A.2d at 1002 (Q: "Am I correct, [doctor], that you are unable to state, with reasonable medical certainty, whether [the plaintiff's] injury was caused by a seizure versus forcible restraint?" A: "My answer to your question is not as . . . simple as I would like for it to be. I think the[re] [are] two possibilities that could have . . . occurred. Unfortunately, there's a void of evidence or a lack of documentation to support either. I think that from a reasonable degree of medical certainty, that is choosing one or the other, a fifty-one to forty-nine percent consideration, I think that the least implausible consideration would be . . . that she was restrained and . . . her shoulder was injured in her attempts to be restrained because she was resisting that.") Instead, it might appear that GEICO's counsel sought to suggest that terminology to Dr. Rajjob for the sole purpose of raising the instant challenge to the doctor's testimony, especially since GEICO's challenge to that testimony is based entirely on one word of a deposition transcript, rather than on a more in-depth analysis of the substance of the doctor's opinion.